IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANTHONY CAIRNS, | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| vs. | ) |
| | ) FILE No. |
| EL POLLO REGIO, INC. and | ) |
| 28TH ST. LLC, | ) |
| Defendants. | ) |

# COMPLAINT

COMES NOW, ANTHONY CAIRNS, by and through the undersigned counsel, and files this, his Complaint against Defendants, EL POLLO REGIO, INC. and 28TH ST. LLC, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants' EL POLLO REGIO, INC. and 28TH ST. LLC, failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2. Plaintiff ANTHONY CAIRNS (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Dallas, Texas (Denton County).

3. Plaintiff is disabled as defined by the ADA.

1

4. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5. Plaintiff uses a wheelchair for mobility purposes.

6. Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA. His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property as soon as it is accessible ("Advocacy Purposes").

7. Defendant, EL POLLO REGIO, INC. (hereinafter "EL POLLO REGIO, INC.") is a Texas company that transacts business in the State of Texas and within this judicial district.

8. Defendant, EL POLLO REGIO, INC., may be properly served with process via its registered agent for service, to wit: Juan J. Bazaldua, Registered Agent, 6615 Berkman Drive – D, Austin, TX 78758.

9. Defendant, 28TH ST. LLC (hereinafter "28TH ST. LLC"), is a Texas limited liability corporation that transacts business in the State of Texas and within this judicial district.

10. Defendant, 28TH ST. LLC, may be properly served with process via its registered agent for service, to wit: Mitchell Fonberg, Registered Agent, 5452 Glen Lakes Drive, Suite 203, Dallas, TX 75231.

**FACTUAL ALLEGATIONS**

11. On or about July 11, 2019, Plaintiff was a customer at "Pollo Regio," a business located at 1924 E. Beltline Road, Carrollton, TX 75006, referenced herein as "Pollo Regio".

12. Plaintiff lives 7 miles away from the Property.

13. Defendant, EL POLLO REGIO, INC., is the lessee or sub-lessee of the real property and improvements that are the subject of this action.

14. Defendant, 28TH ST. LLC, is the owner or co-owner of the real property and improvements that Pollo Regio is situated upon and that is the subject of this action, referenced herein as the "Property."

15. Plaintiff's access to the restaurant located at 1924 E. Beltline Road, Carrollton, TX 75006, Dallas County Property Appraiser's parcel number 65114955110130000 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and correct the ADA violations that exist at Pollo Regio and the Property, including those set forth in this Complaint.

16. Plaintiff has visited Pollo Regio and the Property at least once before as a customer and advocate for the disabled. Plaintiff intends on revisiting Pollo Regio and the Property within six months or sooner, as soon as the barriers to access detailed in this Complaint are removed and Pollo Regio and the Property are accessible again. The purpose of the revisit is to be a regular customer, to determine if and when Pollo Regio and the Property are made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

17.     Plaintiff intends on revisiting Pollo Regio and the Property to purchase goods and/or services as a regular customer living in the near vicinity as well as for Advocacy Purposes, but does not intend to re-expose himself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

18.     Plaintiff travelled to Pollo Regio and the Property as a customer and as an independent advocate for the disabled, encountered the barriers to access Pollo Regio and the Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at Pollo Regio and the Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

19.     On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

20.     Congress found, among other things, that:

(i)    some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii)   historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii)  discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv)   individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory

...

  (iv) effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

  (v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

  21. Congress explicitly stated that the purpose of the ADA was to:

  (i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

  (ii) provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

    * * * * *

  (iv) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

  22. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

  23. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

  24. Pollo Regio is a public accommodation and service establishment.

  25. The Property is a public accommodation and service establishment.

  26. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the

Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

27. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq*.; 28 C.F.R. § 36.508(a).

28. Pollo Regio must be, but is not, in compliance with the ADA and ADAAG.

29. The Property must be, but is not, in compliance with the ADA and ADAAG.

30. Plaintiff has attempted to, and has to the extent possible, accessed Pollo Regio and the Property in his capacity as a customer of Pollo Regio and the Property and as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at Pollo Regio and the Property that preclude and/or limit his access to Pollo Regio and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

31. Plaintiff intends to visit Pollo Regio and the Property again in the very near future as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at Pollo Regio and the Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at Pollo Regio and the Property that preclude and/or limit his access to Pollo Regio and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this

Complaint.

32. Defendants, EL POLLO REGIO, INC. and 28th ST.LLC, have discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of Pollo Regio and the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

33. Defendants, EL POLLO REGIO, INC. and 28th ST. LLC, will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants, EL POLLO REGIO, INC. and 28th ST. LLC, are compelled to remove all physical barriers that exist at Pollo Regio and the Property, including those specifically set forth herein, and make Pollo Regio and the Property accessible to and usable by Plaintiff and other persons with disabilities.

34. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to Pollo Regio and the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Pollo Regio and the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS:**

(i) The access aisle to the accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation of Section 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(ii) The accessible ramp improperly protrudes into the access aisle in violation of section 406.5 of the 2010 ADAAG Standards. This violation made it dangerous

    and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(iii) The Property has an accessible ramp leading from the accessible parking space to the accessible entrances with a slope exceeding 1:12 in violation of Section 405.2 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(iv) The accessible ramp servicing the accessible parking space lacks finished edges or edge protection and/or are otherwise in violation of Section 405.9 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

(v) The total number of accessible parking spaces is inadequate and is in violation of Section 208.2 of the 2010 ADAAG standards.  There are 30 total parking spaces requiring at least 2 accessible parking spaces, but there is only one accessible parking space.  This violation made it difficult for Plaintiff to locate an accessible parking space.

(vi) Due to a policy of not having parking stops for the parking spaces directly in front of the exterior access route, vehicles routinely pull up all the way to the curb and the "nose" of the vehicle extends into the access route causing the exterior access route to routinely have clear widths below the minimum thirty-six (36") inch requirement specified by Section 403.5.1 of the 2010 ADAAG Standards. This violation made it dangerous and difficult for Plaintiff to access exterior public features of the Property.

(vii)  Due to a policy of not having parking stops for the parking spaces directly in front of the exterior access route, vehicles routinely pull up all the way to the curb and the "nose" of the vehicle extends into the access route as a result, in violation of Section 502.7 of the 2010 ADAAG Standards, parking spaces are not properly designed so that parked cars and vans cannot obstruct the required clear width of adjacent accessible routes.

(viii) The vertical reach to the soda dispensers exceeds the maximum allowable height of 48 (forty-eight) inches above the finish floor or ground in violation of Section 308.3.1 of the ADAAG standards. This violation made it difficult for Plaintiff to property utilize public features of the Property.

(ix)  The Property lacks an accessible route from the public sidewalk to the accessible entrance in violation of Section 206.2.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

(x)  Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**RESTROOMS**

(i)  The restroom lacks signage in compliance with Sections 216.8 and 703 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to locate accessible restroom facilities.

(ii)  The restroom door requires an opening force in excess of 5lbs (five pounds) in violation of Section 309.4 of the 2010 ADAAG standards.  This made it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

    (iii)    The door hardware of the bathroom entrance has operable parts which require tight grasping, pinching or twisting of the wrist in violation of Section 309.4 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

    (iv)    The lavatories and/or sinks in the restrooms have exposed pipes and surfaces and are not insulated or configured to protect against contact in violation of Section 606.5 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

    (v)    The restrooms have grab bars adjacent to the commode which are not in compliance with Section 604.5 of the 2010 ADAAG standards as the rear bar is missing. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

    (vi)    The hand operated flush control is not located on the open side of the accessible toilet in violation of Section 604.6 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

35.    The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at Pollo Regio and the Property.

36.    Plaintiff requires an inspection of Pollo Regio and the Property in order to determine all of the discriminatory conditions present at Pollo Regio and the Property in violation of the ADA.

37.    The removal of the physical barriers, dangerous conditions and ADA violations

alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

38.   All of the violations alleged herein are readily achievable to modify to bring Pollo Regio and the Property into compliance with the ADA.

39.   Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Pollo Regio and the Property is readily achievable because the nature and cost of the modifications are relatively low.

40.   Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Pollo Regio and the Property is readily achievable because Defendants, EL POLLO REGIO, INC. and 28th ST. LLC, have the financial resources to make the necessary modifications as the restaurant is a very large fast food chain with 47 locations listed on its web site.

41.   Upon information and good faith belief, Pollo Regio and the Property have been altered since 2010.

42.   In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

43.   Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants, EL POLLO REGIO, INC. and 28th ST. LLC, are required to remove the physical barriers, dangerous conditions and ADA violations that exist at Pollo Regio and the Property, including those alleged herein.

44.   Plaintiff's requested relief serves the public interest.

45. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants, EL POLLO REGIO, INC. and 28th ST. LLC.

46. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants, EL POLLO REGIO, INC. and 28th ST. LLC, pursuant to 42 U.S.C. §§ 12188 and 12205.

47. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants, EL POLLO REGIO, INC. and 28th ST. LLC, to modify Pollo Regio and the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Defendant, EL POLLO REGIO, INC., in violation of the ADA and ADAAG;

(b) That the Court find Defendant, 28th ST. LLC, in violation of the ADA and ADAAG;

(c) That the Court issue a permanent injunction enjoining Defendants, EL POLLO REGIO, INC. and 28th ST. LLC, from continuing their discriminatory practices;

(d) That the Court issue an Order requiring Defendants, EL POLLO REGIO, INC. and 28th ST. LLC, to (i) remove the physical barriers to access and (ii) alter the subject Pollo Regio and the Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(e) That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(f) That the Court grant such further relief as deemed just and equitable in light of the

circumstances.

Dated: November 5, 2019.

Respectfully submitted,

Law Offices of
THE SCHAPIRO LAW GROUP, P.L.

/s/  Douglas S. Schapiro
Douglas S. Schapiro, Esq.
Northern District of Texas ID No. 54538FL
*Attorney-in-Charge of Plaintiff*
The Schapiro Law Group, P.L.
7301-A W. Palmetto Park Rd., #100A
Boca Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com

Law Offices of
LIPPE & ASSOCIATES

/s/  Emil Lippe, Jr.
Emil Lippe, Jr., Esq.
State Bar No. 12398300
Lippe & Associates
12222 Merit Drive, Suite 1200
Dallas, TX 75251
Tel: (214) 855-1850
Fax: (214) 720-6074
emil@texaslaw.com


ATTORNEYS FOR PLAINTIFF
ANTHONY CAIRNS

13